UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07081-PA (DFM) | Date: | August 27, 2019 |
|---|---|---|---|
| Title | Carlos Rodriguez-Olivera v. Gregory Archambeault | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order to Show Cause

On July 5, 2019, Petitioner, who is represented, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). At the same time he filed an emergency motion for stay. See Dkt. 2.

Petitioner is a native and citizen of Mexico. See Petition ¶ 3. Petitioner was apprehended and detained by Immigrations and Customs Enforcement ("ICE"), and charged with being an alien who entered without inspection. See id. ¶ 6. On June 13, 2019, Petitioner appeared before an Immigration Judge ("IJ") and requested voluntary departure in lieu of an order of removal. See id. ¶ 7. Petitioner was granted conditional voluntary departure, with his departure not to be executed until June 20, 2019. See id. On June 14, 2019, ICE effected Petitioner's removal from the United States to Mexico. See id. ¶ 9. Petitioner contends he is entitled to be "brought back to Immigration Court pursuant to the original Notice to Appear filed against him in Immigration Court." Id. ¶ 12.

The Court is concerned that it may lack jurisdiction over this action. The IJ ordered that Petitioner depart the United States, under safeguards, no later than June 20, 2019. Both Petitioner and ICE waived appeal from the IJ's order. At that point, the IJ's Order appears to have been, for all intensive purposes, a final order of removal. See Go v. Holder, 640 F.3d 1047, 1051-52 (9th Cir. 2011) (voluntary departure did not affect finality of removal order because it was "definitively resolved that petitioner . . . would be required to leave the United States (whether voluntarily or involuntarily") (citing Castrejon-Garcia v. INS, 60 F.3d 1359 (9th Cir. 1995)); see also Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (holding that "orders of voluntary departure are final orders of removal for the purposes of judicial review); Ocampo v. Holder, 629 F.3d 923, 926-27 (9th Cir. 2010) (citing Thapa with approval).

The REAL ID Act of 2005, Pub. L. No. 109-13 Div. B, 119 Stat. 231, amended the Immigration and Nationality Act to limit judicial review of removal orders. The REAL ID Act eliminated the district courts' habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). In addition, § 1252(b)(9) requires consolidation of all "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" into a petition for review before the circuit court. See also Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013) ("Habeas relief for final orders of removal is only available through a petition to the court of appeals.").

Accordingly, federal district courts lack jurisdiction where a non-citizen's claims are "simply another attempt to obtain judicial review of his removal order." Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) (affirming district court's lack of jurisdiction to review claim indirectly challenging removal order by alleging capricious agency action in violation of Administrative Procedure Act). Indeed, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." Id. at 623.

Accordingly, Petitioner is ORDERED to show cause within fourteen (14) days of service of this order why the Petition should not be dismissed for lack of jurisdiction. Petitioner is encouraged to cite relevant Supreme Court and Ninth Circuit case law. Failure to respond to this order will result in the Court recommending that this case be dismissed for failure to prosecute.